**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

**DIVERSIFIED SERVICES, LLC**,

      **Plaintiff,**

**v.**                                       **Case No.:  2:14-cv-00033**

**NATIONAL CASUALTY COMPANY,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion for Sanctions of Defendant National Casualty Company pursuant to Fed.R.Civ.P. 37(b)(2) and 37(d). (ECF No. 20). Having fully considered the issues, the Court **GRANTS** Defendant's motion and finds that Defendant is entitled to reasonable fees and expenses for the time it incurred in bringing the motion to compel and for sanctions. After reviewing the affidavit supplied by Defendant's counsel and the supporting documentation, the undersigned **ORDERS** that within **thirty (30) days** of the date of this Order, Plaintiff, or its attorney, shall pay Defendant, or its attorney, reasonable attorney's fees and costs in the amount of **Four Thousand Sixty Three Dollars and Twenty Four Cents ($4063.24).**

**I.**    **Relevant Procedural History**

On September 9, 2014, Defendant filed a motion to compel and for sanctions, arguing that Plaintiff had failed to serve any responses to discovery requests that had been pending nearly sixty (60) days, and had also failed to file initial disclosures as

1

ordered by the Court. (ECF No. 20). After the motion was filed, Plaintiff served answers to the outstanding discovery requests, but did not make the Rule 26(a)(1) disclosures required by court order. Accordingly, Plaintiff was ordered to serve its disclosures within five days. (ECF No. 25). In addition, in regard to Defendant's motion for sanctions, Defendant was ordered to provide a supplemental memorandum addressing relevant issues, and Plaintiff was given an opportunity to respond to Defendant's memorandum. (*Id.*).

Prior to receiving Defendant's memorandum, Plaintiff filed a response to the Court's order arguing that the initial disclosures were admittedly late but no prejudice was suffered by Defendant because it already had the relevant information. Plaintiff also explained that its counsel was waiting for a claim file to be produced by the Defendant before filing the disclosures, and when the file was not forthcoming, the disclosures were delayed. (ECF No. 26). Thereafter, Defendant filed a memorandum in support of sanctions; however, Plaintiff did not respond to the memorandum. (ECF No. 28).

The Court set the matter for hearing to allow Plaintiff an opportunity to be heard prior to awarding sanctions, and instructed Defendant to file an affidavit in support of an award of attorney's fees, if fees were requested. (ECF Nos. 33). Again, Plaintiff was given time to respond to the affidavit; however, no response was filed. (*Id.*). On December 15, 2014, the Court conducted a hearing on the pending motion, at which Defendant appeared by counsel, Daniel R. Schuda. Although Plaintiff was provided with more than one month's notice of the hearing, Plaintiff did not appear.[1]

---

[1] The Court's judicial assistant called the office number of counsel for Plaintiff when he was not present at the time scheduled for the hearing, but was unable to reach anyone. Accordingly, she sent counsel an electronic message. Later in the day, counsel returned the message by telephone call and explained that he had mis-calendared the hearing date.

## II.   __Discussion__

The parties do not dispute the material facts. Defendant served discovery requests on Plaintiff on June 11, 2014. When answers were not served on time, Defendant sent Plaintiff a letter asking for the responses. Ultimately, the parties agreed that Plaintiff would have an extension of time until September 8, 2014 in which to answer the discovery requests. When Plaintiff did not serve the answers by that date, Defendant file a motion to compel and for sanctions on September 9, 2014. Later that same day and the following day, Plaintiff served it answers. (ECF Nos. 21, 22).

However, Defendant's motion to compel also requested an order compelling Plaintiff to serve initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). According to an Order entered by the Court, initial disclosures were to be exchanged no later than August 26, 2014. (ECF No. 18). Defendant contended that Plaintiff had failed to comply with the Court's Order. On October 3, 2014, after the time had passed for the filing of a response to the motion to compel, and with no response forthcoming, the undersigned issued an Order granting the motion to compel and ordering Plaintiff to serve its initial disclosures. (ECF No. 25). Plaintiff complied with the Order, serving its disclosures three days later. (ECF No. 27).

Defendant now moves under Federal Rule of Civil Procedure 37(b)(2) and 37(d) for sanctions related to Plaintiff's untimely discovery responses and initial disclosures. Defendant requests that the sanction of involuntary dismissal be imposed. Defendant claims that dismissal is appropriate given the current status of the case. According to Defendant, this case arises from Plaintiff's allegation of bad faith in the handling of an insurance claim. Although the case has been pending for more than sixteen months, first in state court and now in federal court, Plaintiff has yet to produce any information

3

substantiating its allegation. Defendant maintains that because Plaintiff's claim lacks substance, Plaintiff has failed to meet every disclosure and discovery deadline, causing great expense and prejudice to Defendant. (ECF No. 28). As previously stated, Plaintiff has not directly responded to these arguments by Defendant, although Plaintiff contends that its failure to respond to discovery and serve disclosures on time has not prejudiced Defendant.

The sanctions available under Federal Rule of Civil Procedure 37(d) are those set forth in Rule 37(b)(2)(A)(i)-(vi). Furthermore, under Rules 37(b)(2)(C) and 37(d)(3), "instead of or in addition to" the more severe sanctions set forth in Rule 37(b)(2)(A), the court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Prior to imposing dismissal as a sanction, the court must consider four factors: (1) whether the noncomplying party acted in bad faith; (2) the degree of prejudice suffered by the other party or parties as a result of the failure to comply; (3) the deterrence value of dismissal as a sanction for noncompliance; and (4) the efficacy of a less drastic sanction. *Belk v. Charlotte-Mecklenburg Bd. of Educ.,* 269 F.3d 305, 348 (4th Cir. 2001) (en banc), *cert. denied*, 535 U.S. 986, 122 S.Ct. 1538, 152 L.Ed.2d 465 (2002).

Beginning with the first factor of bad faith, Plaintiff presumably denies that its delays were motivated by bad faith, although at the same time Plaintiff offers no excuse that substantially justifies its failures. Plaintiff's explanation that counsel was waiting for Defendant to produce the claim file is unpersuasive for several reasons. First, Plaintiff admits in its response that counsel's request for the claim file was first made on

September 9, 2014. The disclosures were due to be exchanged no later than August 26, 2014, and discovery responses were due no later than September 8, 2014. Accordingly, the disclosures and responses were already late when the request for the claim file was initially made. Second, the request for the file was made informally, and not by way of a request for production of documents. Defendant was under no obligation to provide the claim file without a proper discovery request. Furthermore, nothing in the record suggests that Defendant agreed to produce the file. Consequently, Plaintiff had no legitimate expectation of receiving the claim file and thus no reason to delay the disclosures or responses. Finally, an agreement by counsel to modify a disclosure date must be made in writing and filed with the Court. (*See* L. R. Civ. P. 16.1(f)). Otherwise, the deadline set by the Court will govern the obligations of the parties.

While the undersigned accepts Plaintiff's representation that its dilatory disclosures and discovery responses were not motivated by bad faith or improper purpose, Plaintiff nonetheless failed, without reasonable explanation, to comply with the discovery rules and a court order, which alone merits admonishment. "Indeed, any noncompliance by a party with a court-ordered discovery deadline is a ground for some form of sanctions." *Bluestein v. Central Wisconsin Anesthesiology, S.C.,* 296 F.R.D. 597, 600 (W.D.Wis. 2013) (citing *Tamari v. Bache & Co.,* 729 F.2d 469, 473 (7th Cir.1984)) ("[C]ulpability of a party who fails to comply with a court order determines only which sanctions the court should impose and not whether any sanctions are appropriate at all."). Thus, the Court finds that some sanction under Rule 37(b)(2) is justified. Moreover, as noted in Rule 37(a)(5), the Court must award reasonable expenses in connection with a motion to compel discovery and/or disclosures if "the requested discovery is provided after the motion is filed." In this case, the motion was filed first.

Consequently, even though the answers were served shortly thereafter, at a minimum, expenses should be awarded unless "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). To date, Plaintiff has offered no other such circumstances.

As far as the prejudice prong, the undersigned finds that Plaintiff's delay in responding to discovery and serving the disclosures likely did not cause substantial prejudice to Defendant in light of the issues in dispute, the length of the delay, and the deadlines contained in the Scheduling Order. Defendant argues that Plaintiff lacks proof of its allegations, forcing Defendant to litigate a frivolous case; however, even if true, that would have been the case had the answers and disclosures been served a few weeks earlier and on time. Plaintiff's delay in providing discovery and disclosures has not prejudiced Defendant's ability to address the purported inadequacies of Plaintiff's case through a dispositive motion, by other pretrial motions, or in court. On the other hand, the Court agrees with Defendant that it has suffered some level of prejudice related to the attorney's time and expense incurred in preparing the motion to compel and for sanctions and for appearing at a hearing on the motion.

The Court also finds that sanctions should be imposed as a deterrent to noncompliant behavior. Plaintiff, or its counsel, has demonstrated a pattern of noncompliance with deadlines. In addition, counsel's nonappearance at the hearing is disturbing. During the hearing, counsel for Defendant shared correspondence from Plaintiff's counsel indicating that he was experiencing some personal and professional difficulties. However, Plaintiff's counsel never made contact with the undersigned prior to the scheduled hearing, nor requested assistance of any kind.

Finally, when considering which sanction to impose, the Court must select the least drastic sanction that is effective to address the violation. Having considered all of the factors, the undersigned finds that Plaintiff's late discovery responses and failure to comply with the deadline for serving initial disclosures are clearly not sufficiently serious to justify dismissal. Nevertheless, the Court acknowledges that Plaintiff caused Defendant to incur unnecessary expense in preparing and filing a motion to compel and for sanctions, and in appearing at a hearing, both of which could have been prevented if Plaintiff, or its counsel, had simply been more diligent and organized. Therefore, Defendant is entitled to fees and expenses under Rule 37(d) and 37(b)(2), and the Court finds no circumstances that would render such an award unjust.

When calculating an award of reasonable fees and costs under Fed. R. Civ. P. 37, the Court must "determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Information Services, LLC,* 560 F.3d 235, 243 (4th Cir. 2009), citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). The United States Court of Appeals for the Fourth Circuit has identified twelve factors to consider when making this determination, including the following:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson,* 560 F.3d at 243-244 (citing *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974)). In the context of an isolated discovery dispute, factors 1, 2, 3, 5, 9, and 12 are most germane to the analysis.

### Calculation of Hourly Rate

Defendant requests hourly rates of $165.00 for partners, $150.00 for associates, and $75.00 for paralegals, asserting that such hourly rates are consistent with those charged in the community for general insurance defense litigation. The discovery disputes in this case are not novel; rather, they are matters routinely faced by general litigators. Therefore, a reasonable hourly rate would be one consistent with the market rate of a general litigator practicing within the Southern District of West Virginia. *See Plyler v. Evatt,* 902 F.2d 273, 277 (4th Cir. 1990). The duty to provide evidence of the prevailing hourly rate rests with the party seeking an award of fees. *Id.* Defendant did not provide evidence of prevailing hourly rates. However, Plaintiff did not object to the rates set forth in the affidavit, and the proposed hourly rates are comparable to those awarded in other cases in this district. *See HSBC Bank USA, Nat. Ass'n v. Resh*, No. 3:12–cv–00668 2013 WL 2177873, at *6 (S.D.W.Va. May 20, 2013) (collecting cases). Therefore, the undersigned finds that the hourly rates requested by Defendant are reasonable for the type of work performed (insurance litigation); the skill required to perform the services rendered (pursuing discovery responses and seeking sanctions for a failure to comply with the discovery rules); the customary fee for such work; and the experience, reputation, and ability of the Defendant's attorneys.

### Calculation of Hours

Having determined the reasonable hourly rates in this case, the undersigned next examines the reasonableness of the number of hours claimed by Defendant. Rules

37(b)(2)(C) and 37(d) allow the court to award the reasonable expenses, including attorney's fees, that were "caused by" the disobedient party's (or counsel's) failure. Having reviewed the time entries submitted by Defendant, the Court finds that the time incurred in drafting the motion to compel and for sanctions and the supplemental memoranda, as well as the time spent traveling to Court and arguing the motion for sanctions were clearly "caused by" Plaintiff's failure to respond to discovery and make disclosures. Therefore, Defendant is entitled to reimbursement for the time and expense incurred in performing those tasks. Defendant is not entitled to reimbursement for time spent in making the requisite good faith effort to obtain answers to discovery prior to filing a motion to compel, as that is an obligation placed on every party to litigation. In addition, Defendant is not entitled to receive payment for reviewing discovery responses as that time necessarily would have been spent by Defendant as part of litigating the case regardless of whether Plaintiff's answers were served late or on time. Finally, time spent by more than one biller doing the same task may be deducted. "When reviewing a fee petition, the Court must exclude any hours that are excessive, redundant, or otherwise unnecessary." *Allen v. Monsanto Company,* No. 2:05-cv-0578, 2007 WL 1859046 at *2 (S.D.W.Va. June 26, 2007) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)). "Counsel for a prevailing party has a duty to exercise 'billing judgment' to 'exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. . .'" *Daly v. Hill,* 790 F.2d 1071, 1079 (4th Cir. 1986) (quoting *Hensley v. Eckerhart,* 461 U.S. at 434).

Keeping these rules in mind, the undersigned subtracted all entries made prior to September 8, 2014 given that those entries constituted Defendant's good faith effort to

obtain discovery without court intervention, or were discussions related to the extension granted for discovery responses. Two entries made on September 9, 2014 involving the review of discovery and detailing of deficiencies were likewise deducted. In addition, the time spent by all three billers related to legal research was reduced so as not to assess Plaintiff for excessive or redundant expenses ($277.50 of paralegal time was subtracted). After making the necessary subtractions, then adding three hours for Mr. Schuda's travel to Huntington for argument on the Motion for Sanctions, and adding $58.24 for travel expenses from Charleston to Huntington, the undersigned finds that Defendant is entitled to the total amount of **Four Thousand Sixty Three Dollars and Twenty Four Cents ($4063.24).**

The Clerk is instructed to provide a copy of this Order to counsel of record.

**ENTERED:** January 13, 2015

Cheryl A. Eifert
United States Magistrate Judge